UNITED STATES District Court
FOR the district of Puerto Rico

-------------------------------------------------------X

ALI SHAMAN EL BEY

                        Plaintiff,

       - against -

UNITED STATES DEPARTMENT OF
HOME LAND SECURITY –
TRANSPORTATION SECURITY
ADMINISTRATION, Bill Hilton -
Security Supervisor, in his individual
Capacity under color of his official
Capacity; Unnamed Security Supervisor(s),
in their individual capacity(ies) under the color
of their official capacity(ies)
                        Defendant.

-------------------------------------------------------X

Docket No.

Case # 19-1268 (WGY)

COMPLAINT

Jury Trial Demanded

I, Ali Shaman El Bey, Plaintiff, *pro se*, hereby alleges the following, upon information and belief;

## I. PARTIES

1. Plaintiff, Ali Shaman El Bey, am an Indigenous Taino Native, of Moorish Ancestry who lives in Borinquen, also known as, Puerto Rico. I make my home at Urbanizacioa La guadalupe Calle Jardin Ponciana 1703 Ponce Puerto Rico 00730.

2. Defendant, U.S. Department of Homeland Security – Transportation Security Administration, is an Agency of the United States, whose is located at Pentagon City, Arlington County, Virginia.

3. Defendant, Bill Hilton, Security Supervisor, Transportation Security Administration, in his individual capacity, under color of his official duties.

4. Defendant(s), Jane Doe and John Doe, in their individual capacities under color of their official duties, being unnamed Transportation Security Administration employees working under Bill Hilton during the events described herein.

## II. JURISDICTION

5. The Jurisdiction of the Court is invoked pursuant to 49 USC 46110 – Judicial Review, as the subject matter of the Complaint arises under the Administrative laws, rules, and regulations of the Transportation Safety Administration.

## III. Statement of the Claim

6. On November 9, 2012, I had a scheduled return flight on Jet Blue Airlines, Flight No. 739, to travel from John F. Kennedy International Airport in New York to Mercedida Airport in Ponce, Puerto Rico.

7. However when I was attempting to go through security I was stopped and my credentials were questioned and I was ultimately denied the ability to board my flight.

8. The persons and parties, who were employees of the Transportation Security Administration (hereinafter, "TSA"), acted arbitrarily and capriciously in denying me access to said flight as said employees knew or should have known that said credentials were sufficient to allow Plaintiff to travel.

### Background

9. I, Ali Shaman El Bey, was born in New York and have been traveling back and forth from New York to Puerto Rico since 2000 without incident.

10. On July 11, 2010 I was stopped on my return trip from JFK to Puerto Rico and questioned as to my credentials, since my identification documents were not issued by the United States or any States thereof.

11. This incident started a long process in which I corresponded with the TSA, both in Washington, D.C. and in New York. I also met with various employees, and supervisors of TSA in New York in order to resolve this matter.

12. This process took almost 11 months. (See: Exhibits 1-14 )

13. Eventually, through following the instructions of the TSA employees, I acquired credentials which were deemed sufficient and I was finally allowed to travel back home on November 11, 2011[1]

14. Based on this arduous process I assumed that I would have no more problems in the future traveling from Borinquen to New York.

Details of the Incident of November 11, 2012

15. At approximately 9:30pm on the date in question, I arrived at J.F.K. Airport.

16. After checking in, and getting my Boarding Pass, I proceeded to the security check point to go to my gate where my flight was to depart.

17. When I got to the security and presented my identification credentials, I was asked by Mr. Bill Hilton, if I had any other form of ID, and I told him, 'yes' and gave him my International Road Travel Identification.

18. After he looked at it, he asked me again, if I had anything else, and so I also gave him an Apostille, certified by the U.S. Department of State, of my indigenous status.

19. Mr. Hilton then told me that he doesn't recognize the Apostille, and I told him that it was certified by the Dept. of State, and if he recognized the Dept of State, and he sarcastically, replied, 'No'.

---

[1] Also as part of this process my identification was photocopied and presumably on file with TSA.

20. After providing him these documents, Mr. Hilton proceeded to make a phone call and said I would have to wait. He then gave my documents to another TSA employee who left with them.

21. I waited at the security check point till about 11:30pm. When I would ask Mr. Hilton what was taking so long, he just ignored me.

22. Finally shortly after 11:30 the other TSA employee came back with my documents and gave them to Mr. Hilton, who proceeded to give them back to me, and told that I could not fly, and started laughing.

23. The actions of Mr. Hilton and the TSA in denying me the right to fly was arbitrary, capricious, unprofessional, and not in accordance with the applicable law which governs this agency.

24. Mr. Hilton's arrogant, willful, and discriminatory behavior caused me much embarrassment, inconvenience, and stress.

25. Through my efforts to remedy this situation, once again, I eventually, was put in touch with Mr. Steve Golubic – Director of Department of Indian Affairs for TSA.

26. Through his assistance I was able to fly from New York to Florida and back, before ultimately getting a flight back home.

27. On November 15, 2013 I had a flight from J.F.K. to go back home, and had to deal with arbitrary actions of TSA security personnel.

28. When I got to the Security Check point I had to wait as they reviewed my documents and they denied me access and I missed my flight again.

29. I decided to stay at the airport and reschedule my flight to return home and was able to get a flight the next morning at 3:00 am.

30. With different security personnel now working at J.F.K. I was able to board my flight and return home without incident.

31. These facts show the arbitrary nature of how TSA and some of its employees operate.

**Relief Requested**

32. Due to the TSA and its employees failure to consistently follow the law, rules and guidelines I suffered a major inconvenience with respect to my ability to take care of my personal, business, and property responsibilities.

33. As a result my property was vandalized and I was unable to get timely care concerning a tumor I have been getting treatment for in my sinus cavity.

34. I am requesting compensation in the amount of 10 million dollars.

The foregoing is true and correct to the best of my knowledge and recollection under the laws of the United States of America.

Dated: 3-25 , 2019         Respectfully submitted,

*Ali Shaman El Bey*
Ali Shaman El Bey, Plaintiff, *pro se*
c/o: Urb. La Guadalupe Calle Jardin Ponciana 1703
Ponce Puerto Rico 00730
(787) 974-0590